Michael A. Faillace
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| JOEL CAMACHO, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| *Plaintiff,* | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |
| THE DIAMOND PROPERTY GROUP INC. (d/b/a DIAMOND PROPERTIES), ROSENBERG-DIAMOND DEVELOPMENT CORP. (d/b/a DIAMOND PROPERTIES), 1654 MONROE REALTY, LLC (d/b/a DIAMOND PROPERTIES), DAVID T. DIAMOND, JONATHAN D. BERMAN and ROBERT ROSENBERG, | |
| *Defendants.* | |

-----------------------------------------------------------------X

Plaintiff Joel Camacho, individually and on behalf of others similarly situated ("Plaintiff Camacho"), by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants The Diamond Property Group Inc. (d/b/a Diamond Properties), Rosenberg-Diamond Development Corp. (d/b/a Diamond Properties), 1654 Monroe Realty, LLC (d/b/a Diamond Properties) ("Defendant Corporations") David T. Diamond, Jonathan D. Berman and Robert Rosenberg (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1

1.      Plaintiff is a former employee of Defendants The Diamond Property Group Inc. (d/b/a Diamond Properties), Rosenberg-Diamond Development Corp. (d/b/a Diamond Properties), 1654 Monroe Realty, LLC (d/b/a Diamond Properties), David T. Diamond, Jonathan D. Berman, and Robert Rosenberg.

2.      Upon information and belief, Defendants own, operate or control a residential building which operates under the name Diamond Properties and is located at 1654 Monroe Avenue, Bronx, New York 10457.

3.      Upon information and belief, individual Defendants David T. Diamond, Jonathan D. Berman and Robert Rosenberg, serve or served as owners, managers, principals and/or agents of The Diamond Property Group Inc. (d/b/a Diamond Properties), Rosenberg-Diamond Development Corp. (d/b/a Diamond Properties), 1654 Monroe Realty, LLC (d/b/a Diamond Properties) (the "Defendant Corporations"), and through these corporate entities operate a residential building (Diamond Properties), as a joint or unified enterprise.

4.      Plaintiff Camacho is a former employee of Defendants.

5.      Plaintiff Camacho worked as a superintendent and porter at defendants' residential building.

6.      At all times relevant to this Complaint, Plaintiff Camacho worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Camacho the applicable minimum wage, and failed to pay him

appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Camacho the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

9.      Defendants' conduct extends beyond Plaintiff Camacho to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Camacho and other employees to work in excess of forty (40) hours per week without paying them the minimum wage and the overtime compensation required by federal and state law and regulations.

11.     Plaintiff Camacho now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Camacho seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Camacho's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Camacho was employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

15.     Plaintiff Joel Camacho ("Plaintiff Camacho" or "Mr. Camacho") is an adult individual residing in Bronx, New York. Plaintiff Camacho was employed by Defendants from approximately February 1994 until on or about May 24, 2017.

16.     At all relevant times to this complaint, Plaintiff Camacho was employed by Defendants as a superintendent and porter at Diamond Properties located at 1654 Monroe Avenue, Bronx, New York 10457.

17.     Plaintiff Camacho consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.     Defendants own, operate, and/or control a residential building located at 1654 Monroe Avenue, Bronx, New York 10457, under the name "Diamond Properties".

19.    Upon information and belief, Defendant The Diamond Property Group Inc. (d/b/a Diamond Properties) or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporation maintains its principle place of business at 3677 East Tremont Avenue, Bronx, New York 10465.

20.    Upon information and belief, Defendant Rosenberg-Diamond Development Corp. (d/b/a Diamond Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporation maintains its principle place of business at 1919 Williamsbridge Road, Bronx, New York 10461.

21.    Upon information and belief, Defendant 1654 Monroe Realty, LLC (d/b/a Diamond Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporation maintains its principle place of business at 3677 East Tremont Avenue, Bronx, New York 10465.

22.    Defendant David T. Diamond is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23.    Defendant David T. Diamond is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

24.    Defendant David T. Diamond possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

25.    Defendant David T. Diamond determined the wages and compensation of the employees of Defendants, including Plaintiff Camacho, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.    Defendant Jonathan D. Berman is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27.    Defendant Jonathan D. Berman is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

28.    Defendant Jonathan D. Berman possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

29.    Defendant Jonathan D. Berman determined the wages and compensation of the employees of Defendants, including Plaintiff Camacho, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

30.    Defendant Robert Rosenberg is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

31.    Defendant Robert Rosenberg is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporations.

32.    Defendant Robert Rosenberg possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

33.    Defendant Robert Rosenberg determined the wages and compensation of the employees of Defendants, including Plaintiff Camacho, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

34.     Defendants operate a residential building located at the Claremont section of The Bronx.

35.     At all relevant times, Individual Defendants David T. Diamond, Jonathan D. Berman and Robert Rosenberg possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

36.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37.     At all relevant times, each Defendant possessed substantial control over Plaintiff Camacho's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Camacho, and all similarly situated individuals, referred to herein.

38.     Defendants jointly employed Plaintiff Camacho, and all similarly situated individuals, and are Plaintiff Camacho's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39.     In the alternative, Defendants constitute a single employer of Plaintiff Camacho and/or similarly situated individuals.

40.     Upon information and belief, individual Defendants David T. Diamond, Jonathan D. Berman and Robert Rosenberg operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

7

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as  closed corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

41.     At all relevant times, Defendants were Plaintiff Camacho's employers within the meaning of the FLSA and NYLL.

42.     Defendants had the power to hire and fire Plaintiff Camacho, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Camacho's services.

43.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

44.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the residential building on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

45.     Plaintiff Camacho is a former employee of Defendants primarily employed as superintendent and porter of a residential building.

46.     Plaintiff Camacho seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Joel Camacho*

47.     Plaintiff Camacho was employed by Defendants from approximately February 1994 until on or about May 24, 2017.

48.      At all relevant times, Plaintiff Camacho was employed by Defendants as a superintendent and porter of a residential building.

49.     Plaintiff Camacho regularly handled goods in interstate commerce that were produced outside of the State of New York, such as brooms, mops, and cleaning supplies as part of his superintendent and porter duties.

50.      Plaintiff Camacho's work duties required neither discretion nor independent judgment.

51.     Throughout his employment with Defendants, Plaintiff Camacho regularly worked in excess of 40 hours per week.

52.     From approximately May 2011 until on or about May 24, 2017, Plaintiff Camacho regularly worked from approximately 7:00 a.m. until on or about 5:00 p.m. three days

a week, from approximately 7:00 a.m. until on or about 5:30 p.m. two days a week and from approximately 8:00 a.m. until on or about 10:00 a.m. and from approximately 4:00 p.m. until on or about 6:00 p.m. Saturdays and Sundays (typically 59 hours per week).

53.     Throughout his employment with Defendants, Plaintiff Camacho was paid his wages by check.

54.     From approximately May 2011 until on or about May 2012, defendants paid Plaintiff Camacho a fixed weekly salary of $473.00.

55.     From approximately June 2012 until on or about June 2013, defendants paid Plaintiff Camacho a fixed weekly salary of $493.00.

56.     From approximately June 2013 until on or about June 2014, defendants paid Plaintiff Camacho a fixed weekly salary of $513.00.

57.     From approximately June 2014 until on or about June 2015, defendants paid Plaintiff Camacho a fixed weekly salary of $533.00.

58.     From approximately June 2015 until on or about June 2016, defendants paid Plaintiff Camacho a fixed weekly salary of $553.00.

59.     From approximately June 2016 until May 24, 2017, defendants paid Plaintiff Camacho a fixed weekly salary of $573.20.

60.     Plaintiff Camacho's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

61.     For example, Defendants required Plaintiff Camacho to work an additional 30 minutes past his scheduled departure time two days a week and four hours on Saturdays and Sundays, and did not compensate him for the additional time he worked.

62.     Furthermore, on a number of occasions, Defendants required Plaintiff Camacho to work an additional two hours past the time he was scheduled to work fixing the boiler, and did not compensate him for the additional time he worked.

63.     Plaintiff Camacho was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

64.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Camacho regarding wages as required under the FLSA and NYLL.

65.     Defendants did not give any notice to Plaintiff Camacho, in English and in Spanish (Plaintiff Camacho's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.     Defendants required Plaintiff Camacho to purchase "tools of the trade" with his own funds—including a box of tools.

*Defendants' General Employment Practices*

67.     Defendants regularly required Plaintiff Camacho to work in excess of forty (40) hours per week without paying him the proper minimum wage or overtime compensation.

68.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Camacho and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate straight rate or overtime compensation, as required by federal and state laws.

69.     Plaintiff Camacho was paid week to week at the same flat rate of pay regardless of the actual hours worked.

11

70.     Defendants' pay practices resulted in Plaintiff Camacho not receiving payment for all his hours worked, resulting in Plaintiff Camacho's effective rate of pay falling below the required minimum wage rate.

71.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

72.     Defendants did not post required wage and hour posters in the residential building.

73.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Camacho (and similarly situated individuals) worked, and to avoid paying Plaintiff Camacho properly for his full hours worked and for overtime wages due.

74.     Plaintiff Camacho was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

75.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Camacho by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

76.     Defendants failed to provide Plaintiff Camacho and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part

of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours worked, as

required by NYLL §195(3).

77.     Defendants failed to provide Plaintiff Camacho and other employees, at the time

of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by

New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

78.     Plaintiff Camacho brings his FLSA minimum wage, overtime, and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons who are or were employed by Defendants, or any of them,

on or after the date that is three years before the filing of the complaint in this case (the "FLSA

Class Period"), as employees of Defendants (the "FLSA Class").

79.     At all relevant times, Plaintiff Camacho  and other members of the FLSA Class

who are and/or have been similarly situated, have had substantially similar job requirements and

pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Camacho's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

80.     The claims of Plaintiff Camacho stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

81.      Plaintiff Camacho repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Camacho's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

83.     Defendants had the power to hire and fire Plaintiff Camacho (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

84.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

85.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

86.     Defendants failed to pay Plaintiff Camacho (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.     Defendants' failure to pay Plaintiff Camacho (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiff Camacho (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>SECOND CAUSE OF ACTION</u>
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

89.      Plaintiff Camacho repeats and realleges all paragraphs above as though fully set forth herein.

90.     Defendants, in violation of the FLSA, failed to pay Plaintiff Camacho (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

91.     Defendants' failure to pay Plaintiff Camacho (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

92.      Plaintiff Camacho (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE LAW**

93.     Plaintiff Camacho repeats and realleges all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants were Plaintiff Camacho's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Camacho (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

95.     Defendants, in violation of the NYLL, paid Plaintiff Camacho  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

96.      Defendants' failure to pay Plaintiff Camacho (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

97.      Plaintiff Camacho (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

98.     Plaintiff Camacho repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, *et seq*. and supporting regulations, failed to pay Plaintiff Camacho overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

100.     Defendants' failure to pay Plaintiff Camacho (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

101.    Plaintiff Camacho (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

102.    Plaintiff Camacho repeats and realleges all paragraphs above as though fully set forth herein.

103.    Defendants failed to pay Plaintiff Camacho (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Camacho's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6.

104.    Defendants' failure to pay Plaintiff Camacho (and the FLSA Class members) an additional hour's pay for each day Plaintiff Camacho's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

105.    Plaintiff Camacho (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

106.    Plaintiff Camacho repeats and realleges all paragraphs above as though fully set forth herein.

17

107.    Defendants failed to provide Plaintiff Camacho with a written notice, in English and in Spanish (Plaintiff Camacho's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

108.    Defendants are liable to Plaintiff camacho in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

109.    Plaintiff Camacho repeats and realleges all paragraphs above as though set forth fully herein.

110.    Defendants did not provide Plaintiff Camacho with wage statements upon each payment of wages, as required by NYLL 195(3).

111.    Defendants are liable to Plaintiff Camacho in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

112.    Plaintiff Camacho repeats and realleges all paragraphs above as though set forth fully herein.

113.    Defendants required Plaintiff Camacho to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as uniforms, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

114.    Plaintiff Camacho was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Camacho respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Camacho   and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Camacho and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Camacho's  and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Camacho and the FLSA class members;

(f)    Awarding Plaintiff Camacho and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

19

(g)    Awarding Plaintiff Camacho  and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Camacho  and the members of the FLSA Class;

(i)    Declaring that Defendants violated the minimum wage, overtime, and spread-of-hours provisions and associated rules and regulations under the NYLL as to Plaintiff Camacho and the FLSA class members;

(j)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Camacho's  and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Camacho and the FLSA Class members;

(l)    Awarding Plaintiff Camacho  and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages;

(m)    Awarding Plaintiff Camacho and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the compensation shown to be owed pursuant to NYLL § 663 and Article 6, as applicable;

(n)     Awarding Plaintiff Camacho and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Camacho and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Camacho demands a trial by jury on all issues triable by a jury

Dated: New York, New York
        June 6, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ *Michael Faillace*_____
By:     Michael A. Faillace
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 31, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Joel Camacho

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              31 de mayo de 2017

*Certified as a minority-owned business in the State of New York*