# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

michael@faillacelaw.com

March 7, 2018

**VIA ECF**
Honorable William H. Pauley
United States Magistrate Judge
United States Courthouse
40 Centre Street
New York, NY 10007

        Re:    Camacho v. The Diamond Property Group Inc.,
                 17-cv-4247 (WHP) (KNF)

Your Honor,

      This firm represents the Plaintiff Joel Camacho in the above-referenced matter. Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as fair and reasonable. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims against all the Parties asserted in this case as outlined more specifically in the attached Agreement. Plaintiff has weighed several factors associated with continuing to litigate his claim; including, the discovery provided by Defendants and its potential impact on

any award Plaintiff may recover at trial, as well as the possible defenses that Defendants may assert, as detailed below.

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

## I.  Statement of the Case

This is an action for money damages brought by Plaintiff Joel Camacho. Plaintiff alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was allegedly employed at a residential building owned and operated by Defendants. Plaintiff alleged Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate overtime, and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195). Plaintiff's estimate of his damages if he were fully successful on all of his arguments at trial, excluding attorney's fees and costs, is attached hereto as Exhibit B.

Plaintiff had originally calculated his damages as considerably higher. However, through discovery and settlement discussions Plaintiff's attorneys recognized that the claims were for far less than originally alleged, and that, rather than Camacho being owed overtime for working approximately 59 hours per week, he worked at most approximately 45 hours per week

It is Defendants' position that Camacho was not owed any amount, and that he only worked 40 hours per week. Defendants also argue the applicability of the "janitorial exemption"

March 7, 2018
Page 3

which, if successful, would eliminate Plaintiff's ability to pursue any claims under the New York Labor Law.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $27,000.00 to settle all claims. Of this amount, $9,397 will be attorney's fees and costs in this matter, with the remaining $17,603 to go to the Plaintiff. As is reflected in Exhibit B, Plaintiff's recovery represents more than his estimated unpaid wages in this matter.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that they were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the Plaintiff's hours worked. Defendants were able to establish in settlement negotiations and discovery that Plaintiff did not work 59 hours per week as he alleged in the complaint, and disputed that he worked any overtime. Given that Plaintiff's allegations in the complaint proved exaggerated, Defendants had a reasonable likelihood of discrediting

March 7, 2018
Page 4

Plaintiff's overtime allegations entirely. Nevertheless, Plaintiff will receive a settlement that pays him more than his maximum unpaid wages.

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III.     Plaintiff' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $9,397 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund after costs of $595 are deducted and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreements.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Reyes v. 1944 First Ave. Deli Co., LLC*, 16-cv-8073 (KBF), 2017 U.S. Dist. LEXIS 189177, *6 (S.D.N.Y. Nov. 14, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %"); *Hyun v. Ippudo USA Holdings*, 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("Fee awards representing one third of the total recovery are common in this District") (quoting *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 U.S. Dist. LEXIS 162243, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015)); *Calle v.*

March 7, 2018
Page 5

*Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable..

Given Plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiff' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

- Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Mr. Androphy is an attorney at Michael Faillace & Associates, P.C. and am regularly billed at the rate of $400 per hour. Androphy graduated from Columbia Law School in 2005. Following law school, he litigated a variety of commercial, employment, and other civil cases at Olshan Frome Wolosky LLP. Since joining Michael Faillace & Associates, P.C. in December 2012, Androphy has been responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on dozens of FLSA litigations such as the instant. His work is indicated by the initials "JA."

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc*., Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Mr. Faillace and his associate, Mr. Androphy, finding they had

March 7, 2018
Page 6

"demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

As set out in the annexed Exhibit C, Plaintiffs' attorneys' lodestar fee amount under this calculation is $$5,508.75, and costs are $595.00.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        /s/ Michael Faillace
                                        Michael Faillace
                                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                                        Attorneys for the Plaintiff

Enclosures