## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This agreement ("Agreement") is by and between JOEL CAMACHO (hereinafter referred to as "Plaintiff") and THE DIAMOND PROPERTY GROUP INC. d/b/a DIAMOND PROPERTIES, 1654 MONROE REALTY, LLC d/b/a DIAMOND PROPERTIES, DAVID T. DIAMOND, and JONATHAN D. BERMAN, (hereinafter referred to as "DIAMOND PROPERTY Defendants") ("Plaintiff" and "DIAMOND PROPERTY Defendants" collectively referred to as the "Parties.")

**WHEREAS**, Plaintiff, having filed a lawsuit in the United States District Court for the Southern District of New York against THE DIAMOND PROPERTY GROUP INC. d/b/a DIAMOND PROPERTIES, ROSENBERG-DIAMOND DEVELOPMENT CORPORATION, 1654 MONROE REALTY, LLC d/b/a DIAMOND PROPERTIES, DAVID T. DIAMOND, and JONATHAN D. BERMAN (collectively referred to as "Defendants") bearing Civil Action Number 17-cv-04247 ("Civil Action"); and

**WHEREAS**, Plaintiff and THE DIAMOND PROPERTY GROUP INC. d/b/a DIAMOND PROPERTIES, ROSENBERG-DIAMOND DEVELOPMENT CORPORATION, 1654 MONROE REALTY, LLC d/b/a DIAMOND PROPERTIES, DAVID T. DIAMOND, and JONATHAN D. BERMAN seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and differences between them related to the Civil Action; and

**WHEREAS**, Plaintiff, in consultation with his attorney, Joshua Androphy, Esq., Michael A. Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165 (hereinafter referred to as "Counsel for Plaintiff") have analyzed and evaluated the merits of the claims made against DIAMOND PROPERTY Defendants and the impact of this Agreement on Plaintiff and based upon such analysis and evaluation of a number of factors, and recognizing the

substantial risks of continued litigation, including the possibility that the Complaint, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of Plaintiff.

**WHEREAS**, DIAMOND PROPERTY Defendants, in consultation with their attorney, Elizabeth R. Gorman, Esq., Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Road, Suite 402, Woodbury, New York 11797 and Daniel W. Morris, Clifton Budd & DeMaria, LLP, 350 Fifth Avenue, 61st Floor, New York, New York 10118 (hereinafter referred to as "Counsel for Defendants"), analyzed and evaluated the merits of the claims made against DIAMOND PROPERTY Defendants and their defenses, and the impact of this Agreement on the DIAMOND PROPERTY Defendants and based upon such analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Civil Action, if not settled now, might result in an outcome less favorable to the DIAMOND PROPERTY Defendants, the DIAMOND PROPERTY Defendants are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of the DIAMOND PROPERTY Defendants.

**NOW, THEREFORE**, in consideration for the sums as outlined below, Plaintiff and the DIAMOND PROPERTY Defendants have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1.   **NO ADMISSION OF LIABILITY:** The Parties hereto recognize and agree that the DIAMOND PROPERTY Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of, or growing out of, the matters set forth

in the Complaint filed on June 6, 2017, Case No.: 17-cv-04247 ("Complaint"), or which could have been raised in a lawsuit, or which otherwise involve Plaintiff's employment relationship with the DIAMOND PROPERTY Defendants and the termination of Plaintiff's employment relationship.

    2.    **RELEASE**: In consideration for the payment called for herein, Plaintiff (sometimes hereinafter referred to as the "Releasor"), does hereby completely, irrevocably and unconditionally release and forever discharge the DIAMOND PROPERTY Defendants, their representatives, divisions, affiliates, subsidiaries, parents, present and former officers, agents, shareholders, directors, trustees, insurers, employee benefit plans, attorneys, employees and each and every one of them and their heirs, executors, administrators, successors and assigns, DAVID T. DIAMOND, JONATHAN D. BERMAN, ROBERT ROSENBERG, THE DIAMOND PROPERTY GROUP, INC., ROSENBERG-DIAMOND DEVELOPMENT CORPORATION, 1654 MONROE REALTY, LLC, EDGAR OYOLA, NADIA NEDELCHEVA, SUSAN DIAMOND, their heirs, executors, administrators, successors and assigns, (all of which are hereinafter referred to collectively as "Releasees") from any and all claims alleged in the Complaint, for any wage and hour violations under state and/or local law, including but not limited to, any and all State Law Claims, the New York Labor Laws, the New York Wage Theft Prevention Act, the New York Building Service Wage Order, and the New York Miscellaneous Industries Wage Order, each as amended, or any other federal, state or municipal law including the Fair Labor Standards Act; as well as any actions, claims, grievances, complaints, administrative claims and demands whatsoever that Plaintiff had or now has or may have against the DIAMOND PROPERTY Defendants and/or the Releasees for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back

pay, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the DIAMOND PROPERTY Releasees.

3. **DISMISSAL OF ACTION:** Plaintiff further understands and agrees that this Agreement is made conditional upon receipt by the DIAMOND PROPERTY Defendants' counsel of a fully executed original of this Agreement by Plaintiff, a fully executed Stipulation and Order of Dismissal with Prejudice as against the DIAMOND PROPERTY Defendants in the form attached hereto as Exhibit A, and approval of this Settlement Agreement and dismissal of the Civil Action by the Court. This Agreement anticipates that the Parties shall submit it to the Court for approval along with a joint motion for approval of it. In the event the Court fails to approve the Settlement Agreement and dismiss the Civil Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void ab initio. In such case, the parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed. Notwithstanding the foregoing, in the event the court requests additional documentation prior to approval and dismissal of the action or the re-submission or re-filing of this agreement and/or resubmission or re-filing of the motion for court approval, the terms of this agreement shall stay in effect unless or until the court makes a final determination that the parties cannot receive court approval of the agreement and that the action cannot be dismissed with prejudice. If the Federal Court determines that some aspect of this agreement requires modification, the parties shall undertake their best efforts to satisfy the Court.

4. **PAYMENT:** In consideration for Plaintiff's: (1) dismissal of the claims alleged in the Complaint; (2) the release contained in Paragraph 2 herein; and (3) the promises and

agreements set forth herein, the DIAMOND PROPERTY Defendants agree to pay Plaintiff, as full and complete settlement and final satisfaction of any and all of Plaintiff's claims, the sum of $27,000.00 (Twenty-Seven Thousand and 00/100 Dollars). This comprises an award of damages in the amount of $18,000 to Plaintiff and $9,000 in attorneys' fees. The DIAMOND PROPERTY Defendants' insurer shall provide the check within thirty (30) days after Plaintiff delivers this Agreement fully-executed by Plaintiff (including a completed Medicare Release on **Page 12**), a completed, fully-executed IRS Form W-9 for Plaintiff, a completed, fully executed IRS Form W-9 for Counsel to Plaintiff, a fully executed stipulation of discontinuance, with prejudice, for the Complaint filed with Case No.: 17-cv-04247, for the DIAMOND PROPERTY Defendants, and the Court's approval of this Agreement. Said payment shall be allocated as follows:

(a) A payment of $27,000.00 (Twenty-Seven Thousand and 00/100 Dollars) to Michael A. Faillace & Associates, P.C., representing all non-wage damages and attorneys' fees from which no withholdings or deductions shall be taken, and for which the DIAMOND PROPERTY Defendants' insurer shall issue a Form 1099-MISC in January of 2019.

Said payments shall be delivered to Plaintiff's counsel: Joshua Androphy, Esq., Michael A. Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165. The Parties agree that any delay in delivery of the Settlement Payment that is caused by, or may be attributed in whole or in part to any act or omission of the United States Postal Service, shall toll the schedule for delivery of the Settlement Payment contemplated by **Paragraph 4**, and shall not be considered a breach of this agreement on behalf of the DIAMOND PROPERTY Defendants in any way. Without releasing the DIAMOND PROPERTY Defendants from their ultimate obligation to ensure the Settlement Payment is delivered to and received by Counsel for Plaintiff, the DIAMOND PROPERTY Defendants will be considered to have fulfilled their obligations

regarding delivery of the Settlement Payment as contemplated in this **Paragraph 4** by submitting the Settlement Payment to either the custody and control of a United States Postal Service employee, a United States Postal Service Mailbox, or any other receptacle authorized for receipt of United States Postal Service Mail, no later than three (3) days prior to the deadline for delivery contemplated by **Paragraph 4**, and providing proof of such mailing to Counsel for Plaintiff whether via electronic means or otherwise.

5. **NO OTHER PAYMENTS OR OTHER BENEFITS DUE AND OWING:** Plaintiff hereby acknowledges and agree that no other payments or benefits of any kind are due and owing to Plaintiff from DIAMOND PROPERTY Defendants other than what is set forth in Paragraph 4 of this Agreement.

6. **INCOME TAXATION:** DIAMOND PROPERTY Defendants make no representations or warranties regarding any tax issues relating to the payment provided for in Paragraph 4 above, and Plaintiff acknowledges that he has not relied upon any advice from DIAMOND PROPERTY Defendants or the DIAMOND PROPERTY Defendants' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. In the event that taxes are assessed against Plaintiff as a result of the payment made hereunder, Plaintiff shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against them for federal, state and local income taxes and unemployment taxes and shall indemnify and hold the DIAMOND PROPERTY Defendants including their insurers, harmless for any such liability, interest or penalties related thereto.

7. **NO OTHER CLAIMS:** Plaintiff represents that he has not filed any complaint or charges, either formal or informal, against DIAMOND PROPERTY Defendants and/or the Releasees with any other local, state or federal agency or court relating to the matters alleged in

the Complaint. Plaintiff agrees to withdraw the causes of action asserted in Complaint and not to file any other causes of action against the DIAMOND PROPERTY Defendants arising from any claims that were raised or could have brought against the DIAMOND PROPERTY Defendants from the beginning of the world up to the date of this Agreement for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the DIAMOND PROPERTY Defendants. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

      8.    **GOVERNING LAW.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than **Paragraph 2** of this Settlement Agreement, as to which all monies paid hereunder must be returned to the DIAMOND PROPERTY Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

9.  **NO REPRESENTATIONS:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief and interests and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes, cancels, and replaces any and all prior and contemporaneous negotiations and all agreements, arrangements or representations proposed or otherwise, written or oral, concerning the subject matter hereof.

10. **BINDING NATURE OF AGREEMENT.** This Agreement is binding upon, and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns and legal representatives. It is expressly recognized that each of the DIAMOND PROPERTY Releasees are beneficiaries of this Agreement.

11. **NO CONSTRUCTION AGAINST DRAFTER.** This Agreement is the product of negotiation among Plaintiff and the DIAMOND PROPERTY Defendants and/or their respective counsel and shall be deemed as having been prepared jointly by Plaintiff and the DIAMOND PROPERTY Defendants and/or their respective counsel. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

12. **MULTIPLE COUNTERPARTS:** Plaintiff and the DIAMOND PROPERTY Defendants agree that this Agreement can be signed in counterparts that, together, shall constitute

an original. Plaintiff and the DIAMOND PROPERTY Defendants further agree that copies of the executed Agreement shall be deemed as effective as an original.

13. **Medicare Release by Plaintiff.**

The Parties intend to comply with the Medicare Secondary Payer Act (42 U.S.C. §1395y) and to protect Medicare's interests, if any, in this settlement. Plaintiff understands and agrees that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance). Plaintiff has not been identified as a Medicare recipient and Plaintiff hereby expressly represents and warrants that Medicare has not made any payments to or on Plaintiff's behalf as a result of or in any way related to the injuries alleged in the Civil Action.

Plaintiff acknowledges, however, that if Plaintiff received benefits that have or may have been paid by an insuring entity affording benefits payable for medical care and/or treatment, as further consideration and inducement for this settlement, Plaintiff agrees to defend, indemnify, protect and hold harmless the DIAMOND PROPERTY Defendants from any and all liens, rights of subrogation, indemnification claims, contribution claims, defense claims, losses, liability, actions, damages, causes of action, judgments, costs and expenses, including attorneys' fees, whatsoever made by or sustained by or arising from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits providers, workers compensation carrier, Medicare, Medicaid, or any other entity arising in whole or in part out of the care and treatment, or in any way connected to the care and treatment, provided to Plaintiff for the injury/injuries alleged in the Civil Action.

In addition to the Release in **Section 2** and in consideration of the payments set forth in this Agreement, Plaintiff hereby waives any cause of action and/or Private Cause of Action under 42 US Code §1395y (b)(3)(A), and releases and forever discharges the DIAMOND PROPERTY Releasees from any obligations, from any claim, known or which should have reasonably been known or which otherwise arises from the Complaint or Plaintiff's claims therein, arising out of the failure of the DIAMOND PROPERTY Releasees to provide for a primary payment or appropriate reimbursement pursuant to 42 US Code §1395y (b)(3)(A).

Plaintiff agrees to indemnify, defend and hold harmless the DIAMOND PROPERTY Defendants for any claim, loss or payment the DIAMOND PROPERTY Defendants may suffer, including judgments, verdicts, awards, penalties, attorney's fees and costs, that arises out of the failure to pay any unpaid medical bills or future medical expenses, or to otherwise fail to protect Medicare's interests under the MSP Act which exceed the amounts set forth in the final letters issued by these agencies. Plaintiff agrees by this Agreement to waive any claims for damages, indemnification and/or contribution from any causes of action of any kind or nature, including but not limited to a private cause of action provided in the Medicare Secondary Payer (MSP) Act, 42 U.S.C. Section 1395y(b)(3)(A), in connection with or arising as a result of the medical care and treatment rendered to Plaintiff regarding the injuries alleged in the Civil Action.

14. **Headings.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

15. **BY SIGNING THIS SETTLEMENT AGREEMENT, PLAINTIFF AFFIRMS:**

HE HAS READ IT;

HE UNDERSTANDS IT, AND KNOW THAT HIS IS GIVING UP IMPORTANT RIGHTS;

HE AGREES WITH EVERYTHING IN IT;

HE HAS BEEN ADVISED TO CONSULT WITH HIS ATTORNEYS PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT;

HE HAS SIGNED THIS SETTLEMENT AGREEMENT KNOWINGLY AND VOLUNTARILY;

THE PARTIES REPRESENT AND WARRANT THAT THE ATTORNEYS' FEES PORTION OF THE SETTLEMENT PAYMENT IS FAIR AND REASONABLE.

16. **ENTIRE AGREEMENT:** This Agreement sets forth the entire Agreement between the Plaintiff and Defendants and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

  It is understood and agreed that Plaintiff will provide the DIAMOND PROPERTY Defendants all of the information noted below and all information required for the DIAMOND PROPERTY Defendants to properly report this claim to Medicare pursuant to 42 U.S.C. 1395y(b)(8). Plaintiff further agrees that the DIAMOND PROPERTY Defendants will provide the information below and all information required under 42 U.S.C. 1395y(b)(8) to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.:

Full Name as it appears on your Social Security Card
_Joel Anthony Camacho Rodriguez_

Address
_1654 Monroe Ave_
_Bronx NY 10457_

Medicare Health Insurance Claim Number (HICN)
_____

Social Security Number
_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_

Date of Birth
_06-07-1964_

Gender
_MEN_

_[signature]_
Joel Camacho

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_____
Joel Camacho

Dated: May 25, 2018


STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF          )

On May 25, 2018, before me came Joel Camacho, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

MARIA J CEDENO CASSINELLI
Notary Public, State of New York
Registration #01CE6332862
Qualified In Nassau County
Commission Expires Nov. 9, 2019

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

DAVID T. DIAMOND individually and on behalf of THE DIAMOND PROPERTY GROUP, INC. AND 1654 MONROE REALTY, LLC:

Dated: May 8, 2018

David T. Diamond
Print Name

*[signature]*
Sign Name

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF Bronx       )

On May 8, 2018, before me came David T. Diamond, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

*[signature]*
Notary Public

Madeline Aponte
Notary Public - State of New York
No. 02AP6373219
Qualified in Bronx County
Commission Expires April 2, 2022

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

**JONATHAN D. BERMAN, individually**

Dated: May 8, 2018

Jonathan D. Berman
Print Name

*/s/ JB*
Sign Name

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF Bronx      )

On May 8, 2018, before me came Jonathan D. Berman, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

*/s/ Madeline Aponte*
Notary Public

Madeline Aponte
Notary Public - State of New York
No. 02AP6373219
Qualified in Bronx County
Commission Expires April 2, 2022

**[END OF DOCUMENT.]**